## 46622. EVANS v. THE STATE.

PER CURIAM. Evans appeals from a judgment of conviction and sentence for the offense of robbery by force. The only error urged on the appeal is that the trial judge failed to charge on alibi even without request.

The alleged victim testified that he was robbed by three men while walking across a field, all of whom he had known for some time; that Evans grabbed him around the neck; that one Middlebrooks took the money from his pockets; and that one Reed was present and participated in the division of the money.

Middlebrooks entered a plea of guilty. Evans and Reed were tried together.

Middlebrooks was called as a defense witness. He testified that he committed the robbery with the assistance of a stranger he had just met named Willie. He testified that Reed was present but did not participate in the robbery. He further testified he had never seen Evans and that Evans was not involved in the robbery.

Evans made an unsworn statement in which he said: "I haven't seen this old man. I haven't touched this old man. I haven't bothered this old man."

"Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." *Code* § 38-122. In the case before us, since neither the appellant's unsworn statement nor the testimony of the witness he called in his behalf excluded the possibility of his presence in respect to the time and place of the offense, there was no error in not charging alibi. *Boyles v. State*, 120 Ga. App. 852 (2) (172 SE2d 637).

*Judgment affirmed. Hall, P. J., Eberhardt and Evans, JJ., concur. Whitman, J., not participating.*

SUBMITTED OCTOBER 5, 1971—DECIDED OCTOBER 28, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joel M. Feldman, Carter Goode, Creighton W. Sossomon,* for appellee.